LAW OFFICES OF RONALD A. MARRON, APLC
RONALD A. MARRON, ESQ. [SBN 175650]
ron.marron@gmail.com
MAGGIE K. REALIN, ESQ. [SBN 263639]
maggie.realin@yahoo.com
SKYE RESENDES, ESQ. [SBN 278511]
skyer@san.rr.com
3636 Fourth Avenue, Ste. 202
San Diego, CA  92103
Telephone:     619-696-9006
Facsimile:     619-564-6665

*Attorneys for Plaintiff Sean Lauer*
*and all others similarly situated*

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN LAUER, an individual, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>OBESITY RESEARCH INSTITUTE, LLC, a California limited liability company,<br><br>     Defendant. | CASE NO.  **'12 CV 0109 WQHRBB**<br><br>CLASS ACTION<br><br>**COMPLAINT FOR:**<br><br>1.  **VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT [CIV. CODE § 1750, *et. seq.*]; and**<br><br>2.  **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW [BUS. & PROF. CODE § 17200, *et. seq.*]**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Sean Lauer ("Plaintiff"), by and through his attorneys of record, brings this action on behalf of himself, all others similarly situated, and the general public ("Plaintiffs") against defendant Obesity Research Institute, LLC ("ORI" or "Defendant").  Plaintiffs allege the following upon their own knowledge, or where there is no personal knowledge, upon information and belief and the investigation of their counsel:

1

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005, as a matter in controversy that exceeds the sum of $5,000,000.00, exclusive of costs and interest, and a class action where Plaintiff, a member of the class, is from a different state than Defendant.  On information and belief, more than two-thirds of the members of the class of plaintiffs are citizens of a state different from the Defendant.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2.      Personal jurisdiction derives from the fact that the Defendant conducts business within the State of California and within this judicial district.

3.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because many of the acts and transactions, including the purchases and sales giving rise to this action, occurred in this district and because Defendant:

    (i)      is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    (ii)     does substantial business in this district;

    (iii)    advertises to consumers residing in this district; and

    (iv)     is subject to personal jurisdiction in this district.

## PARTIES

4.      On information and belief, at all times relevant to this matter Defendant was a California limited liability company with its principal place of business located at 1601 Aryana Drive, Escondido, California 92024.  At all times relevant herein, ORI advertised, marketed, distributed, and sold the Products to consumers in the United States, transacting business in this district and throughout the United States.

5.      At all times relevant to this matter, Plaintiff resided, and continues to reside, in Sartel, Minnesota.  Members of the putative Class reside in Minnesota and other states in the United States.  During the Class period, Plaintiff was exposed to and saw ORI's claims about the

Products, purchased ORI's Products in reliance on those claims, and suffered injury in fact as a result of ORI's unfair competition as described herein.

6.    Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the Defendant's employees was the agent, servant and employee of ORI, acting within the purpose and scope of said agency and employment.

## INTRODUCTORY FACTS

7.    This is a consumer protection class action, addressing the advertising claims made by Defendant about two of its weight loss products – Lipozene® and MetaboUp – that have been the subject of an extensive and comprehensive, nationwide marketing campaign by Defendant.

8.    Defendant ORI manufactures, advertises, distributes, and sells a weight loss pill called Lipozene®, claiming the diet pills are "clinically proven to reduce body fat and weight." *See* Ex. B to Compl., copies of pages from ORI's web site www.lipozene.com, the text of which is incorporated in this Complaint as if fully set forth herein.

9.    According to ORI, "78% of each pound lost" using Lipozene® is "pure body fat." *Id.*

10.    ORI guarantees Lipozene® will cause weight loss, and loss of body fat. *Id.*

11.    ORI markets Lipozene® with another ORI product called MetaboUp, "an energy boosting formula" that "helps increase your metabolism[,] and is the perfect way to maximize your results [from taking Lipozene®] even faster." *Id.* (Lipozene® and MetaboUp are hereafter collectively referred to as "the Products.")

12.    ORI claims, through a gold seal image with text, that Lipozene® is a "product of excellence," and that ORI has sold over 10 million bottles of Lipozene®. *Id.*

13.    ORI sells Lipozene® at an introductory price of $29.95 per bottle. *Id.*

14.    In or about January 2010, Plaintiff was exposed to ORI's claims about the Products through ORI's advertising, as described herein. After reviewing ORI's claims that Lipozene®, and its companion product MetaboUp, would cause him to lose body fat and weight, Plaintiff purchased the Products from ORI, relying on the material misrepresentations, omissions of material facts, and deceptive claims ORI disseminated to the public about the Products, as

3

1   more fully set forth below.  Plaintiff suffered injury in fact.

2       15.    Plaintiff's initial purchase of Lipozene® from ORI included a "free" bottle of

3   MetaboUp; thereafter, Plaintiff's credit card was charged by ORI for refill purchases.

4       16.    This is a consumer protection class action addressing the advertisements ORI has

5   made and continues to make about its weight loss products Lipozene® and MetaboUp. Through

6   its marketing campaign and package labeling, ORI claims that the Products not only cause rapid

7   and significant weight loss, but also that the weight lost consists of "body fat" as opposed to

8   other types of weight loss, such as loss of muscle mass or loss of retained water in body tissues.

9       17.    Pursuant to page 6 of the Stipulated Final Judgment in *Federal Trade Commission*

10  *v. Fiberthin, LLC, Obesity Research Institute, LLC, Henny Den Uijl, Bryan Corlett, James Ayers,*

11  *and Dr. Jonathan M. Kelly,* United States District Court, Southern District California Case No.

12  05-cv-1217 (BEN) (BLM), entered June 20, 2005, ORI and its managing members were

13  "permanently restrained  and enjoined" from "manufacturing, labeling, advertising, promot[ing],

14  offering for sale, [selling], or [distributing]" MetaboUp or any other product containing konjac,

15  konjac root, glucomannan, chromium, green tea, propol, guarana seed, oolong tea, kola nut,

16  bitter orange, cayenne, platycodon grandiflorum, or any extracts of those ingredients through any

17  representation, express or implied, "including through use of a trade name or endorsement, that

18  any such product:  (a) Causes rapid or substantial weight loss without the need to reduce caloric

19  intake or increase physical activity; (b) Enables users to lose as much as 8 pounds or more per

20  month without the need to reduce caloric intake or increase exercise; (c) Works for all users; or

21  (d) Causes substantial weight loss through blocking the absorption of fat or calories." *See* Ex. A

22  attached hereto, Stipulated Final Judgment.

23      18.    The root word in the trade name, Lipozene®, or lipo, derives from the Greek

24  word lipos, which means fat (for example, as used in liposuction and lipoprotein).

25      19.    ORI's use of lipo as part of its trade name for Lipozene® is for purpose of

26  expressly or impliedly representing to the public that Lipozene® blocks the absorption of fat,

27  causing substantial weight loss.

28

20.     ORI's use of lipo as part of its trade name for Lipozene® is also for the purpose of expressly or impliedly reinforcing ORI's other express claims that the product is "clinically proven to reduce body fat" and that "78% of each pound lost" is "pure body fat."  *See* Exs. C and D attached hereto.

21.     Since at least 2006, Defendant has manufactured, labeled, marketed, distributed, and sold the Products to the public throughout the United States, using various media as described in more detail below.

22.     Plaintiff brings this action on behalf of himself and all other similarly situated consumers in the United States, to halt the dissemination of ORI's deceptive and false advertising message about the Products, and to correct the false and misleading perception it has created in the minds of consumers who have purchased the Products.  Plaintiff alleges violations of the Consumer Legal Remedies Act (Cal. Civ. Code § 1750, et seq.) and the Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.).

## SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS, AND DECEPTIVE FACTS

23.     Defendant primarily advertises and offers the Products for sale through 30-second television commercials, and the Internet websites www.lipozene.com, www.lipozene.org, and www.lipozenescam.com, among others.

24.     The commercials air on numerous television stations, such as H2 (The History Channel), Comedy Central, Spike TV, and others.  ORI also advertises Lipozene® by posting numerous videos on www.youtube.com, a large national web site that can gather views by millions of people.

25.     Lipozene® are tablets that contain glucomannan, also known as konjac or konjac root, as their primary ingredient.

26.     MetaboUp are tablets that contain green tea, chromium, and bitter orange as their primary ingredients.

27.     Lipozene® and MetaboUp are marketed and sold together for weight loss.

5

1

2

28.     The initial 30-day supply for Lipozene® and MetaboUp on ORI's websites costs $29.95, with MetaboUp being initially offered as "free" with a purchase of Lipozene®.

3

4

5

6

7

8

9

10

11

12

13

 

14

29.     Lipozene's main ingredient, konjac root also known as glucomannan, is an

15

inexpensive ingredient that originated in Asia, a fat soluble fiber that swells up when it comes

16

into contact with water.

17

30.     ORI charges a heavy premium for what is basically an extremely inexpensive

18

ingredient.  Konjac root can be purchased anywhere for pennies on the dollar, compared to the

19

price ORI charges for Lipozene®

20

31.     ORI advertises the first bottle of 30 tablets of Lipozene for $29.95, with "a free

21

bonus" bottle of MetaboUp included (Ex. B), and a 30-day money back guarantee:  "Lipozene

22

offers a 30 day risk-free trial.  Customers can try Lipozene risk-free and can return the product

23

(even if the bottles are empty) for a complete refund of the purchase price."  Ex. B

24

(www.lipozene.org – Facts page, the text of which is incorporated in this Complaint as though

25

fully set forth herein).  ORI fails to disclose that a consumer taking the recommended dosage of

26

2 tablets of Lipozene a day is, in fact, only purchasing a 15 day supply.  A second bottle of

27

Lipozene costs $59.99.

28

*Lauer v. Obesity Research Institute, LLC*
CLASS ACTION COMPLAINT

32.     Taking glucomannan (or konjac root) with a glass of water temporarily makes a person feel full, or bloated.  Because it makes an individual temporarily feel full, the idea is that the person will eat less because of less space in the stomach.  There is no credible, reliable scientific study to support ORI's claims that Lipozene® causes loss of body fat, as opposed to other types of weight loss such as loss of muscle tissue or loss of retained water in the body.

33.     There is no credible, scientific support for ORI's claim that taking Lipozene®, by itself, will cause substantial loss of body fat in a person who does not also reduce caloric intake or increase the level of exercise.

## ADVERTISEMENTS

34.     To induce consumers to purchase Lipozene® and MetaboUp, Defendant has disseminated, or caused to be disseminated, advertisements for the Products, including but not limited to the web site marketing claims attached as Exhibits B through D to this Complaint, the text of which are incorporated as though fully set forth herein.  These advertisements contain the following statements or depictions, among others:

### A.  Excerpts From Television Commercials

"Body Fat" Commercial:

FEMALE: I have tried everything and I can't lose this weight. **I cannot get rid of this body fat.** I don't have time to change what I do every day. I'm a busy mom and I have a full time job.

FEMALE ANNOUNCER: **Is this you, does it seem almost impossible for you to get rid of body fat and weight because you're too busy.** You know that hard to get rid of body fat that sits on your stomach, hips or thighs. Sometimes we can't do it alone. We need help. That's where Lipozene comes in. **Lipozene is clinically proven to help you get rid of pounds of body fat and weight without changing your daily life.**

MALE ANNOUNCER: **Lipozene is so powerful that it's clinically proven to help you lose pure body fat.** In fact, a recent university double blind study showed that not only did participants lose weight but 78% of each pound that was lost was pure body fat.

NARDA: "when the fat starts shedding off my husband says, 'Look at you!'"

BARB: "**It wasn't just about losing weight but body fat**."

Marty: "Inches were lost. I swear **it just attacked just the fat**."

*Lauer v. Obesity Research Institute, LLC*
CLASS ACTION COMPLAINT

1  FEMALE ANNOUNCER: The makers of Lipozene are so confident **you will succeed in losing pounds of body fat** their letting people try Lipozene risk-free for 30 days.

2
3  NARDA: "It's a miracle. I swear it is. You just can't do it on your own. You know, you can't."

4  BARB: "If you just would try Lipozene, you'll see results."

5  MARTY: "Lipozene is the final answer. It worked for me and I don't have to try anything else."

6  FEMALE ANNOUNCER:  **Lipozene is different** from anything you've ever tried. For two reasons, **first it focuses on reducing pounds of body fat and second you don't have to change your life. Just take Lipozene. That's it.** If you're ready to get rid of pounds of body fat then call the number on the screen right now. **Lipozene is worth the price because Lipozene is clinically proven to work**.

7
8
9                                    * * *

10  "Wife" Commercial

11
12  "My husband and I saw this commercial, on television about Lipozene and I wanted to try it, you know because I just could not do it on my own. So I ordered some, he was against it. **He thought that it was waste of money [laugh] I sure did show him**. I ordered it, I started taking it, this was during the winter month, I was started to the point that I couldn't do it on my own **I could not exercise. But after about three weeks my husband noticed**, I did not notice. I really did not notice because I wore the same old loose dress what have you but my husband noticed. He said Hey girl you losing weight, you looking good. It felt good, especially coming from my husband. Yes it sure did. I feel good about myself, I look myself in the mirror and it's like hey I am back. It feels really good; it's a miracle I swear it is. You just can't do it on your own, you get to the point and your appetite changes and you are losing you weight, you feel good about yourself. It's a miracle I swear it is. I am truly great to Lipozene."

13
14
15
16
17
18                                   * * *

19  "Complaints" Commercial:

20
21  ROBERT S.: It's so simple to do. You just take a couple pills before you eat and it basically fills you up so you're not eating as much as you would normally do. **I liked it because I could eat anything. I didn't have to go to a weird diet or measure my food I just ate what I wanted and I lost weight.** It's amazing because I didn't change anything. I didn't eating habits or going out it was just a simple, simple pill. A way to lose weight and you don't think about it. You don't gotta say I gotta lose weight today. I don't gotta do anything. I'm thinking about going into a restaurant, I'm going to eat this much or that much. It's just something that you take and it controls your weight loss.

22
23
24
25
26  MALE ANNOUNCER: Was your weight bothering you like a lot of other guys your age? Were you concerned about that?

27
28  ROBERT S.: No, I didn't know. You know you kind of go around and you don't even think about it. I've never thought I was that heavy because I did it and it was like people were going I

                                    8

didn't think you were heavy. But you'd get on the scale. Oh, I'm 195 pounds, which I didn't think I was that heavy because I wouldn't be paying attention, and I go and my wife just had the baby so she goes she was going to do it so I got on the deal and did it. A lot of friends come up and say "Man, what'd you do?" I just took this Lipozene, I'm just taking this pill and I'm losing weight. "You gotta be crazy" because I lost a lot in the face.

MALE ANNOUNCER: That's where they notice it the most isn't it.

ROBERT S.: Yeah, they noticed that right away. And uh, so it was amazing. **Usually when you get into things, all these other diet programs or whatever, it's like, you gotta measure and work out. I was just doing the normal things and just taking the pill and doing it.** It was simple. That's the amazing thing, it's so simple to do and you lose weight. So I guess it's a no brainer. Take Lipozene, it's a great way to lose weight and I recommend it highly to my friends and it's the way to go.

35.     The three commercials can be viewed by consumers by clicking a button on the main www.lipozene.org web page, and the commercials have also been aired, in whole or in part, nationwide on various television stations as alleged herein.

### B.  Excerpts from ORI websites

#### www.lipozene.org

"Lipozene diet pills are **clinically proven to help reduce body fat & weight**"

"78% of each Pound Lost is PURE BODY FAT"

"Lipozene diet pills are **backed by multiple clinical studies**"

**"REDUCE POUNDS of Body Fat and Weight WITHOUT a change in lifestyle"**

"Lipozene weight loss supplements are safe and effective"

A gold circular badge that states **"PRODUCT OF EXCELLENCE – Over 10 MILLION bottles sold – OBESITY RESEARCH INSTITUTE"**

The Facts page of the web site states:  "Lipozene was developed by the Obesity Research Institute around 5 years ago and is sold on television, on the Internet and in select retailers nationwide.  **Lipozene was formulated specifically to help people lose unwanted body fat and weight.**  In a clinical study, not only did participants lose weight, but 78% of each pound lost was pure body fat.  What's even more amazing is **participants were not asked to change their daily lives.  They simply took Lipozene and lost weight**."

For MetaboUp, the product bottle states:

"Exclusive Thermogenic Blend" and "Weight Loss System."

For MetaboUp, the web site states:

"MetaboUP® contains proprietary blend containing Green tea leaf extract, Guarana seed extract, Oolong tea leaf, Kola nut seed extract, Cayenne fruit, Platycodon grandiflorum root extract."

"Why use MetaboUP?  It helps increase energy. It helps increase metabolism."

"Where to buy?  You can receive a FREE bottle of MetaboUp with the purchase of Lipozene."

"Who uses MetaboUP?  Those who wish to have energy throughout the day. People who want to increase their metabolism"

*See* Ex. B for copies of pages from www.lipozene.org, incorporated as though fully set forth herein.

www.lipozene.com

**"CLINICALLY PROVEN TO REDUCE BODY FAT!"**

A gold circular badge that states "**78% OF EACH POUND LOST IS PURE BODY FAT – CLINICALLY PROVEN**"

"**Guaranteed Results – Weight Loss**"

**"Lipozene has been clinically proven to provide the benefits it claims, without making major lifestyle changes that can be potentially harmful to your system"**

*See* Ex. C for copies of pages from www.lipozene.com, the text of which is incorporated in this Complaint as though fully set forth herein.

36.    ORI does not disclose to consumers the identity of the researchers that conducted the clinical studies that prove Lipozene® helps reduce body fat and weight.

37.    ORI does not disclose whether the clinical studies observed scientifically-accepted clinical protocols.

www.lipozenescam.org

38.    In addition to maintaining its own advertising web sites, ORI uses the deceptive and false web site www.lipozenescam.org, implying that an independent, objective reviewer has analyzed the Products and determined that Lipozene® is not a scam.

10

39.     ORI's web sites have a link to www.lipozenescam.org, but ORI does not disclose to consumers that the web site is simply another advertisement by ORI for the Products.  A person clicking on the link "lipozene scam" is led to believe that they are clicking through to another web page that will objectively discuss whether or not Lipozene® is a scam.

40.     ORI created and maintains the deceptive web site of www.lipozenescam.org for the purpose of further inducing the public to buy its Products at a premium.  *See* Ex. D for copies of pages from www.lipozenescam.org, the text of which is incorporated in this Complaint as though fully set forth herein.

## CLASS ACTION ALLEGATIONS

41.     The class is defined as:  All persons in the United States who purchased Lipozene® or MetaboUp products from 2006 to the present ("Class Period") for personal or household use, and not for resale or distribution purposes.  Excluded from the Class are Defendant's officers, directors, shareholders, and employees.

42.     The persons in this class are so numerous that the joinder of all such persons is impracticable and that the affecting the plaintiff class in that all plaintiffs commonly contend that:

(a)     whether Defendant had adequate substantiation for its claims prior to making them;

(b)     whether the claims discussed above are true, misleading, or reasonably likely to deceive;

(c)     whether Defendant's alleged conduct violates public policy;

(d)     whether the alleged conduct constitutes violations of the laws asserted herein;

(e)     whether Defendant engaged in false or misleading advertising;

(f)     whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

These questions of law and fact predominate over questions that affect only individual class members.

43.     Plaintiff's claims are typical of those of the class and they will fairly and adequately represent the interests of the class.  Plaintiff will serve as adequate class representative.  Plaintiffs' counsel is highly experienced in complex consumer class action litigation, and will vigorously represent the best interests of the class.  Plaintiff has no adverse or antagonistic interests to those of the Class.

44.     Class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually.  The trial and the litigation of Plaintiffs' claims is manageable.

45.     Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

46.     ORI has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### For Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.*

### On Behalf of Plaintiff and the Class

47.     Plaintiff repeats, re-alleges and incorporates by reference each and every allegation contained above as if fully set forth herein.

48.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq*. ("CLRA"). Plaintiff is a consumer as defined by California Civil Code § 1761(d).  The Products are goods within the meaning of the CLRA.

49.     Defendant violated and continues to violate the CLRA by engaging in the following practices proscribed by Section 1770(a), in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Products:

(a)     Representing that the Products have characteristics, uses or benefits which they do not have;

(b)     Representing that the Products are of a particular standard, quality or grade if they

12

are of another;

(c)     Advertising the Products with intent not to sell them as advertised;

(d)     Representing that the Products have been supplied in accordance with a previous representation when they do not.

50.     Defendant violated the CLRA by making the representations and claims for the Products, as described above, when it knew, or should have known, that the representations and advertisements were unsubstantiated, false and misleading.

51.     Plaintiff and other members of the Class reasonably relied upon the Defendant's representations as to the quality and attributes of the Products.

52.     Plaintiff and other members of the Class were deceived by Defendant's representations about the quality and attributes of the Products, including but not limited to the purported ability of the Products to cause loss of body fat and loss of body weight, among other false claims. Plaintiff and other Class members would not have purchased the Products had they known Defendant's claims were either unfounded or untrue, and the true nature of the Products.

53.     Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of defendant.

## SECOND CAUSE OF ACTION

**Unlawful Business Acts and Practices in Violation of California Business & Professions Code Section 17200, *et seq*., On Behalf of Plaintiff and the Class**

54.     Plaintiff repeats, re-alleges and reincorporates the allegations contained in the paragraphs above, as is fully set forth herein.

55.     Business & Professions Code Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  For the reasons discussed above, Defendant has engaged in unlawful business acts or practices by, among other things, making misrepresentations and omissions of material facts, as set forth more fully above, and violating, among other statutes, Civil Code, Sections 1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code, Section 17200 *et seq*., Health & Safety Code Section 110765, and the common law.

13

56.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

57.     Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code Section 17200 *et seq*. in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

58.     As stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.

59.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

60.     Defendant's claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code, Section 17200, and actually *did* deceive Plaintiff.

61.     Defendant's labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

62.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class members.  Plaintiff has suffered injury in fact as a result of Defendant's unfair conduct.

63.     Defendant has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff to injunctive relief against Defendant, as set forth in the Prayer for Relief.

64.     Additionally, pursuant to Business & Professions code, Section 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendant to engage in a corrective advertising

14

campaign.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated and the general public, prays for a judgment against Defendant on each cause of action:

A.  An order declaring this action to be a proper Class Action and requiring Defendant to bear the costs of class notice;

B.  An order awarding declaratory and injunctive relief as permitted by law or equity, including; enjoining defendant from continuing the unlawful practices as set forth herein;

C.  An order compelling Ganeden to engage in a corrective advertising campaign to inform the public concerning the true nature of the Products;

D.  An order providing for all other such equitable relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  January 12, 2012

                THE LAW OFFICES OF RONALD A. MARRON, APLC

                /s/ Ronald A. Marron
                RONALD A. MARRON
                3636 Fourth Avenue, Suite 202
                San Diego, CA 92103
                Telephone: 619/696-9006
                Facsimile:  619/564-6665
                ATTORNEYS FOR PLAINTIFFS

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

SEAN LAUER, on behalf of himself, and all others similarly situated, and the general public

### DEFENDANTS

OBESITY RESEARCH INSTITUTE, LLC

**(b)**   County of Residence of First Listed Plaintiff   Sartel, Minnesota
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**   Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Ronald A. Marron, APLC
3636 4th Ave., Suite 202, San Diego, CA 92103  (619) 696-9006

Attorneys (If Known)

**'12 CV0109 WQHRBB**

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V.  ORIGIN  (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332(d)(2)    28 · 1331
Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
01/12/2012

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ronald A. Marron

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____